**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-22429-CIV-GAYLES/TURNOFF

**KENNETH DYE**, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

**UNITED SERVICES AUTOMOBILE**
**ASSOCIATION**,

    Defendant.
_____/

**ORDER OF DISMISSAL**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss ("Motion") [D.E. 4]. The Court has considered the parties' written submissions, the arguments of the parties, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Kenneth Dye ("Plaintiff") is 68 years old. (*See* Class Action Complaint ("Complaint") at ¶ 16) [D.E. 1-2]. Plaintiff retired from employment in 2004 and has no intention to re-enter the workforce. (*Id.*) Plaintiff was the holder of a private automobile insurance policy with United Services Automobile Association ("USAA") that renewed every six months. (*Id.* ¶ 17). Plaintiff maintained his policy for at least ten years, from 2004 through February, 2014. (*Id.* ¶ 18).

Plaintiff's policy states that the personal injury protection ("PIP") component of the policy "covers you, your family members and certain others, for bodily injuries resulting from auto accidents without regard to fault." ("Policy") ([D.E. 4-1 at 59]).[1] The Policy notes that "PIP is also required under Florida law." (*Id.*). The Policy also notes that "[d]eductibles and exclusion of work loss benefits are available." (*Id.*). Among the numerous notices the Policy provides, it also states that work loss benefits may be excluded from PIP coverage if the policy holder is retired. (*Id.* at 60; 64). As a result, the policy holder is permitted to adjust his deductibles and to exclude work loss benefits for himself or his dependents. (*Id.* at 66). These notices were provided to Plaintiff each time the Policy renewed as required by statute.

In 2014, Plaintiff filed his Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint sets forth three counts. Count I seeks a declaratory judgment regarding the validity of the Policy and USAA's policies in general where the policy holder is a retiree paying premiums for wage loss coverage that is unavailable. (*Id.* ¶¶ 34, 37). Count II alleges that USAA breached the Policy and its insurance contracts with members of the putative class by charging retirees for wage loss premiums even though USAA would never be required to cover those wage loss claims. (*Id.* ¶ 41). Finally, Count III brings an equitable claim for assumpsit seeking to disgorge USAA of the wage loss premiums paid Plaintiff and members of the putative class who have automobile policies with the company. (*Id.* ¶ 50). Plaintiff alleges that he and others like him have conferred a benefit on USAA to which it is not entitled. (*Id.*). Plaintiff also seeks to impose a constructive trust on USAA's profits resulting from those premium payments. (*Id.*). Plaintiff's claims revolve around the contention that USAA had a duty to determine whether

---

1  "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enter. of Atlanta, Inc. v Coweta County, Ga.,* 708 F.3d 1243,

its policy holders were retired and then exclude wage loss premiums on the policy holder's behalf. Plaintiff also seeks to certify a class of similarly-situated policy holders.

USAA removed the action to this Court on diversity grounds and pursuant to the Class Action Fairness Act. (*See* [D.E. 1]).  On July 3, 2014, USAA moved to dismiss the Complaint for failure to state a claim.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

---

1252, n. 13 (11th Cir. 2013); Fed. R. Civ. P. 10(c).

## ANALYSIS

All of Plaintiff's claims stem from his allegations that an insurance carrier has a duty to: (i) examine each of its policies, (ii) determine case-by-case whether the policy holder is retired, and (iii) to remove wage loss coverage from the policy for the policy holder. The Court finds that Plaintiff's claims fail as a matter of law.

    **A.    Plaintiff Cannot Maintain This Action Against USAA Because There is No Statutory Duty to Determine the Employment Status of Policy Holders**

As a preliminary matter, Plaintiff cannot maintain this action against USAA because there is no statutory duty for carriers to determine the employment statuses of their policy holders. The Florida legislature has determined that insurers must include PIP coverage in their policies as a part of Florida's Motor Vehicle No-Fault Law. *See* Fla. Stat. § 627.7311. Under Florida law, "[a]n insurance policy . . . *must* provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in the motor vehicle, and other persons . . . ." Fla. Stat. §627.736(1) (emphasis added). Personal injury protection consists of medical benefits and disability benefits. *Id.* Disability benefits entitle an insured to "[s]ixty percent of any loss of gross income and loss of earning capacity from [an] inability to work proximately caused by [an] injury sustained by the injured person . . . ." *Id.* §627.736(1)(b). "The named insured *may elect* a deductible or modified coverage or [any] combination thereof to apply to the named insured alone or to the named insured and [his] dependent relatives . . ." Fla. Stat. §627.739(1) (emphasis added).

So that policy holders can make informed decisions about their coverage, PIP insurers must offer policy holders the option to modify their policies at each renewal period. *See generally* Fla. Stat. §627.739. The statute imposes a duty on PIP insurers to give notice to its policy holders that

4

they may exclude coverage for loss of income and loss of earnings. To comply with the statute, carriers must "offer coverage wherein, *at the election of the named insured,* the benefits for loss of gross income and loss of earning capacity described in s. 627.736 (1) shall be excluded." *Id.* §627.739(3) (emphasis added). The ability to modify the PIP component of an insurance policy must be presented to the policyholder in writing "in clear and unambiguous language at the time the initial application is taken and prior to each annual renewal . . . ." *Id.* §627.739(5). Importantly, an insurer may opt to provide notice "using form of notice approved by the office," or by providing the notice in the form set forth in the statute. *Id.*[2] Plaintiff does not assert that USAA failed to provide notice. Rather, Plaintiff asserts that USAA failed to inquire about his retirement status. (Complaint ¶ 19). However, Florida's PIP statute does not require that insurers adjust an insureds' policy absent a request by the policy holder. Contrary to Plaintiff's assertions, the statute does not impose a duty on insurers to inquire about a policy holder's retirement status. Therefore, this Court will not impose a duty on insurers which Florida's legislature chose not to impose.[3] Accordingly, this action must be dismissed.

---

2  The form of notice provided under the statute states as follows:

> For personal injury protection insurance, the named insured may elect a deductible and to exclude coverage for loss of gross income and loss of earning capacity ("lost wages"). These elections apply to the named insured alone, or to the named insured and all dependent resident relatives. A premium reduction will result from these elections. The named insured is hereby advised not to elect the lost wage exclusion if the named insured or dependent resident relatives are employed, since lost wages will not be payable in the event of an accident. Fla. Stat. § 627.739(5).

3  Through this action, Plaintiff is asking this Court to impose an additional duty on PIP insurers to provide additional oral and written notices. It is the job of the legislature, not the Court, to determine the substance of any required notice and when it should be given.

### B.        Counts I, II, and III of the Complaint Fail to State a Cause of Action

As discussed above, Plaintiff cannot maintain this action against USAA as a matter of law because USAA has no duty to exclude wage loss coverage for retirees, absent a request from its insured.  Therefore, the Plaintiff cannot prevail against his insurer because it has adhered to the requirements of the statute.

#### 1.        Plaintiff's Claim for Declaratory Judgment (Count I)

The Court has subject matter jurisdiction due to the diversity of Plaintiff and USAA. "Federal law applies to procedural matters and Florida law applies to substantive matters." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania,* No. 11-21163-CIV, 2012 WL 1416428, at * 1 (S.D.Fla. Apr. 24, 2012). A federal court is authorized "to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction." *Id.* (citing 28 U.S.C. § 2201 (the "Declaratory Judgment Act")). The Declaratory Judgment Act is procedural.  *Id.* (quoting *Shelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 667 (1950)).  Similarly, Section 86.021, Florida Statutes, permits Florida's courts to declare the "rights or status where a party to an agreement is in doubt as to rights thereunder." *Id.* (citing *City of Hollywood v. Florida Power & Light Co.,* 624 So. 2d 285, 286 (Fla. 3d DCA 1993).

"[T]o state a claim for declaratory judgment, a party must identify a genuine dispute over the existence or non-existence of some right or status." *Id.* at *2 (quoting *Keiner v. Woody,* 399 So.2d 35, 37 (Fla. 3d DCA 1991)). Importantly, "[d]eclaratory relief *is not available* to settle factual issues upon which coverage questions turn under an insurance contract which is clear and unambiguous." *Id.* (citing *Travelers Ins. Co. v. Emery,* 579 So.2d 798, 801 (Fla. 1st DCA 1991).  Instead, "[t]he party moving for declaratory judgment must identify some provision of the insurance contract as to

which it is in doubt and therefore requires clarification." *Id.* (citing *Tobon v. American Sec. Ins. Co.,* No. 06-61912-CIV, 2007 WL 1796250, at *2 (S.D.Fla. Jun. 20, 2007).

Plaintiff alleges that when USAA improperly charged him and members of the putative class insurance premiums for wage loss coverage, USAA placed the validity of its entire insurance contract into doubt. (Complaint ¶ 34). It did not. As noted above, USAA has a legal duty to its PIP policy holders to: (1) provide PIP coverage that includes coverage for lost wages, and (2) notify policy holders in writing at each renewal period that they have the option to exclude lost wage coverage if they are retired or otherwise unemployed. The Florida legislature did not impose a duty on insurers to make wage loss elections (or exclusions) on a policy holder's behalf absent a request from its insured. Nor does this Court find that such an undertaking would be practicable. While it is true that individuals may be eligible to retire at 65 of years of age, it is quite possible that retirees may be younger or older than 65. It is also possible that persons 65 years of age or older may choose not to retire. Moreover, because retired individuals may choose to reenter the workforce at any time, retirement itself is a fluid status that can change from renewal period to renewal period. The Court finds that the framework set up by the Florida legislature was designed to accommodate this very problem by placing the onus on the policy holder to either elect or exclude wage loss coverage. It is improper for the Court to second guess the clear and unambiguous intent of the legislature, which is set forth in the statute. Accordingly, Count I of the Complaint must be dismissed.

### 2. Plaintiff's Breach of Contract Claim (Count II)

"To survive dismissal for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Zarella v. Pacific Life Ins. Co.,* 755 F.Supp.2d 1231, 1241 (citing *Textron Fin. Corp. v. Lentine Marine, Inc.,* 630 F.Supp.2d 1352, 1356 (S.D. Fla. 2009) (citing *Rollins, Inc. v. Butland,* 951 So.2d 860, 876 (Fla. 2d

7

DCA 2006)). While the Court must accept a Plaintiff's factual allegations as true on a motion to dismiss, a claim must fail if "no construction of the factual allegations will support a cause of action." *Id.* (citations omitted).

Here, Plaintiff alleges that USAA breached the insurance contract because it accepted premium payments for wage loss coverage even though Plaintiff is retired. (Complaint ¶ 41). However, the record shows that USAA provided PIP wage loss coverage to Plaintiff in compliance with Florida law. Plaintiff does not allege that USAA failed to provide him with the statutorily required notice that wage loss coverage may be excluded. Indeed, despite receiving notice, Plaintiff did not elect to remove his wage loss coverage. Therefore, Plaintiff fails to state a claim for breach of contract because, as a matter of law, the actions taken by USAA cannot be deemed a breach of his insurance contract. Accordingly, Count II of the Complaint must be dismissed.

### 3. Plaintiff's Claim For Assumpsit (Count III)

Plaintiff's claim for assumpsit is an equitable action at common law akin to a claim for unjust enrichment. *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1369 (S.D.Fla. 2007). "[S]uch a claim is generally an action at law to enforce a quasi-contract." *Id.* However, claims for assumpsit "cannot exist where payment has been made for a benefit conferred." *Id.* In Count III, Plaintiff alleges that it paid USAA for wage loss coverage. (Complaint ¶ 46). However, notably devoid from Plaintiff's allegations are any statements that USAA failed to provide an automobile insurance policy that included the wage loss coverage required by Florida law in exchange for his premium payments. In fact, as discussed above, USAA clearly provided Plaintiff with the benefits and the notices that it was required to provide by law in exchange for Plaintiff's payment of policy premiums. There is no set of facts that Plaintiff has alleged (or can allege) that would entitle him to

relief in this instance.[4]  It is clear from the unambiguous language of Florida's PIP statute that a policy holder must either choose to pay for wage loss coverage or to exclude it on his own after proper notice.[5]  As the Plaintiff secured his PIP policy and failed to exclude wage loss coverage despite notice of his right to do so, USAA was not obligated to take any further action, including returning the premiums.  Accordingly, Count III of the Complaint must also be dismissed.

### 4. Plaintiff's Class Action Allegations

Because the Court finds that Plaintiff cannot individually maintain any of the claims in this action against USAA as a matter of law, his class allegations must necessarily fail.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that all Counts of Plaintiff's Complaint are **DISMISSED with prejudice**.  It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record

---

[4]   Even if Plaintiff could allege that USAA was somehow unjustly enriched by its actions, "[u]nder Florida law a claim for unjust enrichment is precluded by the existence of an express contract between the parties concerning the same subject matter." *Pierce v. State Farm Mutual Automobile Ins. Co.,* No. 14-22691-CIV, 2014 WL 7671718, at *5 (S.D.Fla. Dec. 16, 2014).

[5]   The Court also notes that Plaintiff's Complaint only concerns itself with Plaintiff's potential inability to submit claims for wage loss coverage.  Plaintiff makes no mention of his dependent relatives, who would be statutorily entitled to wage loss coverage under certain circumstances provided they are gainfully employed at the time of any injury.

9